May Term,
1852.

WARD and Others *v.* MACCOUN.

WARD
v.
MACCOUN.

A *bona fide* payment of a debt to an agent of the creditor authorized to receive it, is a payment to the creditor, even though the agent misappropriate the amount received in payment.

ERROR to the *Hendricks* Circuit Court.

*Thursday,
June 3.*

PERKINS, J.—*James Maccoun* filed his bill in chancery setting forth that in the spring of 1841, being the owner of a tract of land in *Hendricks* county, *Indiana*, known as the east half, &c., he, through *Peter Fry*, sold said land to one *George Fry*, of *Clark* county, *Kentucky*, who was trustee for the wife and children of said *Peter*, for the sum of 1,500 dollars, to be paid, 500 dollars in hand, 300 dollars on the 25th of *December*, 1841, 300 dollars on the 25th of *December*, 1842, and 400 dollars on the 25th of *December*, 1843, with interest; that he received from said *George Fry*, by the hand of *Peter*, 510 dollars, and executed to *George* a bond to convey to him in trust for the wife and children of said *Peter*, the land mentioned, on receiving full payment; that he subsequently received a further payment of about 200 dollars; that the money paid, and to be paid, for said land, was part of a sum placed by the father of said *Peter Fry* in the hands of said *George*, in trust, to be by him appropriated for the use of the wife and children of said *Peter;* that said *Peter*, with his family, went into possession of the land under the title-bond, and enjoyed the rents and profits, worth 150 dollars a year; that the balance of the purchase-money was unpaid, and that *George Fry*, some years ago, departed this life and was succeeded in the office of trustee by *Almanzer C. Ward*, who, as such trustee, had a large amount of money in his hands, and of whom payment had been demanded upon the execution of a conveyance. The bill called particularly upon *Peter Fry* and wife to discover in their answer and say what amount of the purchase-money was still unpaid, and asked that a decree for payment and the sale of the land might be rendered.

The proper parties were made. A part of the defendants were infants, who made the usual answer by a guardian *ad litem*, asking proof of the bill and the protection of the Court.

*Peter Fry* and his wife *Lucinda* answered. They admit the purchase of the land by *George Fry* as trustee, &c., at the price of 1,500 dollars, and that 510 dollars were paid in hand. They charge that there was a mortgage on the land to the sinking-fund of 400 dollars, which was concealed at the purchase, but was subsequently assumed by *Fry* and deducted by *Maccoun* from the 1,500 dollars, the price of the land; " and they further answer and say that *George Fry*, trustee as aforesaid, on the 9th day of *April*, 1842, paid to the plaintiff, out of the moneys which he held as aforesaid in trust for the said *Lucinda Fry* and her children, on said land-contract, and in part payment thereof, the further sum of 600 dollars; and the said plaintiff, with the intention of cheating and defrauding the said *George Fry* and *Lucinda Fry*, and her children, applied the same as a credit on an account which *Peter Fry* owed the firm of *J.* and *R. C. S. Maccoun* [composed of the plaintiff, *James*, and said *R. C. S. Maccoun*], without the consent of the said trustee, or the said children, or the said *Peter* and wife," &c. They admit the death of *George Fry*, and the appointment of said *Ward* as his successor in the trust, who, they state, in *April*, 1845, paid upon said land-contract the further sum of 242 dollars. They assert that the trustee has already overpaid for the land, and pray that a deed may be decreed to him subject to said sinking-fund mortgage. They also state that the statute of limitations would be a bar, were anything yet due upon said land.

*Ward* answered so far as he was acquainted with the facts, which was but to a limited extent.

No replications were filed.

Depositions were taken, and the cause submitted to the Court, who found that a part of the purchase-money was unpaid, and decreed for the plaintiff accordingly.

The only principle of law involved in the case before

us is this: that a *bona fide* payment of a debt to an agent of the creditor authorized to receive it, is payment to the creditor, even though the agent misappropriate the amount received in payment; and this principle is not controverted. The disputed question in the cause arises entirely upon the evidence in relation to the single item of 600 dollars set up in the answers as having been paid on the 9th of *April*, 1842, towards the purchase of the land in question. As to the terms of purchase, including the price of the land; as to the payment of 510 dollars in hand, the assumption of the mortgage of 400 dollars, and the payment of 242 dollars and 67 cents in *April*, 1845; there is no doubt. It is equally clear that *George Fry*, the trustee, did, on or about the 9th of *April*, 1842, part with the 600 dollars in question, being a portion of the trust fund mentioned in the bill and answers as being in his hands; that he gave it to *Ward Maccoun*, a son of the plaintiff, who called upon said trustee in *Kentucky* for it, as a payment upon the land in controversy. *Ward Maccoun* delivered the money to *R. C. S. Maccoun*, the mercantile partner of the plaintiff, *James*, who used it in the purchase of goods, and refused to account for it to *James*, but credited the account of *Peter Fry* with it on the books of the firm. Whether *James Maccoun*, the plaintiff in the bill, authorized and directed *Ward Maccoun* to call upon said trustee and receive the payment, is the question. The evidence is, much of it, circumstantial, is somewhat voluminous and conflicting, and we shall not incorporate it into this opinion. We think the preponderance is that said *James* did authorize and direct said *Ward* to call and receive the payment, and that he is, in consequence, bound by it. He must recover it from *Ward*, or from *J.* and *R. C. S. Maccoun*. The land has been fully paid for.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*C. C. Nave*, for the plaintiffs.

*A. A. Hammond*, *H. O'Neal*, and *J. S. Harvey*, for the defendant.